## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GREGORY C. REISING,** | CASE NO. 4:10CV3032 |
| **Plaintiff,** | |
| v. | **MEMORANDUM** |
| | **AND ORDER** |
| **U.S. DEPARTMENT OF EDUCATION FEDERAL STUDENT AID,** | |
| **Defendant.** | |

This matter is before the court on Plaintiff's Motion to Amend Findings and Reinstate. (Filing No. 12.) In his Motion, Plaintiff requests that the court reopen this matter because he timely requested payment of the court's initial partial filing fee, but his institution did not timely forward that money to the court. (*Id.*) For good cause shown, and because Plaintiff paid the initial partial filing fee on May 10, 2010, the Motion is granted. However, the court must now conduct an initial review of the Complaint and finds that summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. Thus, this matter remains dismissed, as set forth below.

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on February 19, 2010, against one Defendant, the U.S. Department of Education Federal Student Aid. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently incarcerated at the Tecumseh State Correctional Institution. (*Id.*; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that he "filed chapter 7 bankruptcy in May of 2009." (Filing No. 1 at CM/ECF p. 1.) In that proceeding, Plaintiff listed a student loan debt on "his schedule E claims," and that debt was therefore "discharged through the

bankruptcy." (*Id.*) Defendant is now attempting to collect that debt. Plaintiff requests that court "issue an order" finding that the collection of the debt "would cause a hardship" on Plaintiff and prevent Defendant from collecting the debt, either through garnishment of his state wages or otherwise. (*Id.* at CM/ECF pp. 1-2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-

44 (8th Cir. 2002) (citations omitted).

### III.   DISCUSSION OF CLAIMS

Liberally construed, Plaintiff seeks discharge of his student-loan debt because of his recent chapter 7 bankruptcy proceedings. (Filing No. 1.) However, a discharge under chapter 7 "does not discharge an individual debtor from any debt . . . for . . . an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." 11 U.S.C. § 523(a)(8). An exception applies where the debtor shows that excepting the educational benefit or loan "would impose an undue hardship on the debtor and the debtor's dependents." Id. Thus, a bankruptcy discharge order must specifically discharge a student loan debt for undue hardship, as that debt is not automatically discharged through bankruptcy proceedings. McElroy v. U.S. Dep't of Educ., 84 F. App'x 732, 732 (8th Cir. 2004). Moreover, where a student loan debt is not discharged, an individual "wish[ing] to revisit the issue" of discharging his student loan debt must "seek relief in the bankruptcy court." Id.

Here, there is nothing before the court showing that the bankruptcy court specifically discharged Plaintiff's student loan debt in his bankruptcy proceedings. As set forth above, student loan debts are not automatically discharged in bankruptcy, even if Plaintiff lists the debt in his pleadings. Indeed, at the time of his bankruptcy discharge, the bankruptcy court specifically explained to Plaintiff that "[d]ebts for most student loans" are "common types of debts which are not discharged in a chapter 7 bankruptcy case." (Case No. 4:09BK40249, Filing No. 16, available on PACER.) Additionally, a review of the docket

sheet in Plaintiff's bankruptcy case indicates that he did not seek, or receive, discharge of his student loan debt by showing undue hardship. (Case No. 4:09BK40249, Docket Sheet, available on PACER.) As in *McElroy*, if Plaintiff wishes to discharge his student loan debt, he must seek that relief in the bankruptcy court. As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted and this matter is dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Findings and Reinstate (Filing No. 12) is granted. However, this matter is dismissed without prejudice for failure to state a claim upon which relief may be granted in accordance 28 U.S.C. §§ 1915(e) and 1915A;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 21st day of May, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.